**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **PERNELL GORDON and LATOYA GORDON, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**RIVERDALE SNF, LLC D/B/A SCHERVIER REHABILITATION AND NURSING CARE CENTER, 2975 INDEPENDENCE AVENUE, LLC, TL MANAGEMENT, LLC, TL MANAGEMENT CO., LLC, TL HEALTHCARE LEASING, LLC, and TL HEALTHCARE HOLDINGS, LLC**<br><br>**Defendants.** | **No._____**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Pernell Gordon and Latoya Gordon (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

<u>**NATURE OF THE ACTION**</u>

1.      This is a Fair Labor Standards Act (FLSA) collective action and a New York Labor Law (NYLL) Rule 23 class action brought by Plaintiffs on behalf of themselves and other hourly employees against Defendants (collectively, "Defendants" or "Schervier").  Schervier is a for-profit nursing facility located in Bronx, New York.  Plaintiffs and the Putative Class and Collective members they represent are hourly employees with various job titles who were employed by Schervier to perform cooking, housekeeping, laundry, maintenance, recreation assistance, and other services for the facility.

2.      This lawsuit seeks to recover off-the-clock unpaid minimum wages and overtime

compensation, liquidated damages, and statutory penalties for Plaintiffs and their similarly situated co-workers who work or have worked at Schervier in New York.

3.    Plaintiffs bring this action on behalf of themselves and hourly employees in New York who elect to opt in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Schervier, which have deprived Plaintiffs and the class of their lawfully earned wages (the "Collective").

4.    Plaintiffs also bring this action on behalf of themselves and hourly employees in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, supporting New York State Department of Labor Regulations, and 29 C.F.R. § 778.106, which have deprived Plaintiffs of lawfully earned wages and timely pay (the "New York Class").

## THE PARTIES

### Plaintiffs

**Pernell Gordon**

5.    Pernell Gordon is an adult individual who is a resident of Bronx County, New York.

6.    Pernell Gordon was employed by Schervier as a Dietary Worker and Cook from in or around 2005 to January 2022, and as a full-time cook from January to June 2022.

7.    Pernell Gordon is a covered employee within the meaning of the FLSA and the NYLL.

8.    Pernell Gordon's written Consent to Join form, pursuant to the FLSA, 29 U.S.C. § 216(b), is attached hereto as **Exhibit A**.

**Latoya Gordon**

9.      Latoya Gordon is an adult individual who is a resident of Bronx County, New York.

10.     Latoya Gordon was employed by Schervier as a Recreation Aid from in or around August 2021 to October 2021.

11.     Latoya Gordon is a covered employee within the meaning of the FLSA and the NYLL.

12.     Latoya Gordon's written Consent to Join form, pursuant to the FLSA, 29 U.S.C. § 216(b), is attached hereto as **Exhibit B**.

**Defendants**

**Riverdale SNF, LLC d/b/a Schervier Rehabilitation and Nursing Care Center**

13.     On information and belief, Riverdale owns and operates the licensed residential health care facility located at 2975 Independence Avenue, Bronx, New York 10463 that does business as Schervier Rehabilitation and Nursing Care Center.

14.     Riverdale is a domestic limited liability company authorized and existing under the laws of New York State.

15.     Riverdale SNF, LLC d/b/a Schervier Rehabilitation and Nursing Care Center ("Riverdale") is listed on Plaintiff Latoya Gordon's paystubs at all relevant times, and on Plaintiff Pernell Gordon's paystubs in 2021.

16.     On information and belief, Riverdale has business addresses at: 2975 Independence Avenue, Bronx, New York 10463 and 2071 Flatbush Avenue, Suite 22, Brooklyn New York, 11234.  Riverdale also lists its mailing address as 400 Rella Blvd Suite 140, Suffern, New York 10901, including with its National Provider Identifier Number.

17.     In 2019, "Schervier Nursing Center" and Riverdale's 400 Rella Blvd Suite 140,

Suffern, New York 10901 address was listed on Pernell Gordon's paystubs.

18.      The New York Department of State ID for Riverdale is 4913141.  The Department of State ID for "Schervier as assumed name" has the same Department of state ID: 4913141.

19.      On information and belief, Riverdale purchased the licensed residential health care facility – under the name Schervier Rehabilitation and Nursing Care Center – located at 2975 Independence Avenue, Bronx, New York 10463 as part of an Asset Purchase Agreement dated March 31, 2016.  At the time of the purchase agreement, Zevi Kohn was the Chief Financial Officer of Riverdale, and its business address was 2071 Flatbush Avenue, Suite 22, Brooklyn New York, 11234.

20.      As part of the Asset Purchase Agreement, Riverdale hired the existing workforce at Schervier Rehabilitation and Nursing Care Center and became responsible for their rights and benefits as of the Closing Date of the agreement, which was defined as 30 days after Riverdale was granted an operating certificate from the New York State Department of Health.

21.      On information and belief, Riverdale was granted an operating certificate to operate Schervier Rehabilitation and Nursing Care Center from the New York State Department of Health in July 2017.

**2975 Independence Avenue, LLC**

22.      On information and belief, 2975 Independence Avenue, LLC is an entity associated with Riverdale that purchased the real property at 2975 Independence Avenue, Bronx, New York 10463 where Schervier Rehabilitation and Nursing Care Center was operating.  At the time of purchase, 2975 Independence Avenue, LLC had the same business address and Chief Financial Officer as the Riverdale: 2071 Flatbush Avenue Suite 22, Brooklyn, New York 11234

and Zevi Kohn.

**TL Management, LLC**

23.     On information and belief, TL Management, LLC is an entity associated with

Riverdale and Independence Avenue, LLC. [1]  TL Management, LLC is a Florida Limited

Liability Company headquartered at 2071 Flatbush Avenue Suite 22, Brooklyn, New York

11234.  In the aforementioned Asset Purchase Agreement, the Notice to be delivered to 2975

Independence Avenue, LLC, lists the address as "Independence Avenue, LLC *care of* TL

Management, LLC."  The business address for TL Management, LLC is the same as the business

address listed for Riverdale in the aforementioned Asset Purchase Agreement.  Publicly available

information states that Riverdale is a subsidiary of TL Management, LLC.  Publicly available

information lists Zevi Kohn as the Chief Financial Officer of TL Management, LLC, which is

the same Chief Financial Officer of Riverdale and Independence Avenue, LLC.  The authorized

representative with the Florida Limited Liability Company Annual Report is listed as David

Katz.

**TL Management Co., LLC**

24.     On information and belief, TL Management Co., LLC is an entity associated with

the previously listed Defendants.  It lists the same business address and Chief Financial Officer

as the other Defendants: 2071 Flatbush Avenue Suite 22, Brooklyn, New York 11234 and Zevi

Kohn.

**TL Healthcare Leasing, LLC**

25.     On information and belief, TL Healthcare Leasing, LLC is a Florida Limited

---

[1]     A publicly available newspaper article states that "TL Management" purchased Schervier
Nursing Care Center in March 2016 and agreed to hire the existing workforce at the facility.

Liability Company associated with the previously listed Defendants. It lists the same business address as the other Defendants: 2071 Flatbush Avenue Suite 22, Brooklyn, New York 11234. The authorized representative listed in the Florida Limited Liability Company Annual Report is David Katz, which is the same authorized representative as is listed for TL Management, LLC.

**TL Healthcare Holdings, LLC**

26.     On information and belief, TL Healthcare Holdings, LLC is a Florida Limited Liability Company associated with the previously listed Defendants. It lists the same business address as the other Defendants: 2071 Flatbush Avenue Suite 22, Brooklyn, New York 11234. The authorized representative listed in the Florida Limited Liability Company Annual Report is David Katz, which is the same authorized representative as is listed for TL Management, LLC and TL Healthcare Leasing, LLC.

**Defendant Factual Allegations**

27.     During all relevant times, Defendants have been Plaintiffs, Collective Members, and New York Class Members' employer within the meaning of the FLSA and the NYLL.

28.     At all relevant times, Defendants have maintained control, oversight, and direction over Plaintiffs, Collective Members, and New York Class members, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

29.     Defendants have applied the same employment policies, practices, and procedures to all security officers assigned to various locations, including policies, practices, and procedures with respect to payment of minimum wage and overtime compensation, the provision of wage notices and wage statements, and the frequency of pay.

30.     Upon information and belief, at all relevant times, all Defendants had an annual gross volume of sales in excess of $500,000.

## JURISDICTION AND VENUE

31.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

32.     Schervier is subject to personal jurisdiction in New York.

33.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

34.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

35.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

36.     Plaintiffs bring the First Cause of Action, the FLSA claims for unpaid overtime wages, on behalf of themselves and all similarly situated current and former hourly employees who were employed by Schervier for a period of three years prior to the filing of the original Complaint and the date of final judgment in this matter, and who elect to opt-in to this action (the "Collective Members").

37.     At all relevant times, the Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject Schervier's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay Plaintiffs and the Collective Members for all hours that they worked in excess of 40 hours per workweek. Schervier also required Plaintiffs and the Collective Members to work off-the-clock and without

compensation in violation of the FLSA.  Plaintiffs' claims stated herein are essentially the same as those of the other Collective Members.

38.    Schervier's unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy of automatically deducting 30 minutes of pay from its hourly employees' paychecks for daily unpaid meal breaks, even though Schervier employees frequently work during their meal breaks.

39.    Schervier is aware or should have been aware that federal law requires it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

40.    Schervier's unlawful conduct has been widespread, repeated, and consistent.

41.    The First Cause of Action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

42.    The Collective Members are readily ascertainable.

43.    For the purpose of notice and other purposes related to this action, the Collective Members' names and addresses are readily available from Schervier's records.

## <u>NEW YORK CLASS ACTION ALLEGATIONS</u>

44.    Plaintiffs bring the Second, Third, Fourth, Fifth, and Sixth Causes of Action under Rule 23, on behalf of themselves and all similarly situated current and former hourly employees who work or have worked for Schervier in New York for a period of six years prior to the filing of the original Complaint and the date of final judgment in this matter ("New York Class").

45.    Excluded from the New York Class are Schervier Management, Schervier's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Schervier; the Judge(s) to whom

this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

46.     The members of the New York Class ("New York Class Members") are readily ascertainable.  The number and identity of the New York Class Members are determinable from Schervier's records.  The hours assigned and worked, the positions held, and the rates of pay for each New York Class Member are also determinable from Schervier's records.  For the purpose of notice and other purposes related to this action, their names and addresses are readily available from Schervier's records.  Notice can be provided by means permissible under Rule 23.

47.     The New York Class Members are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

48.     Upon information and belief, there are more than 100 New York Class Members.

49.     Schervier has acted or refused to act on grounds generally applicable to the New York Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the New York Class as a whole.

50.     Plaintiffs' claims are typical of those claims which could be alleged by any New York Class Member, and the relief sought is typical of the relief which would be sought by each New York Class Member in separate actions.

51.     Plaintiffs and the New York Class Members have all been injured in that they have been uncompensated or under-compensated due to Schervier's common policies, practices, and patterns of conduct.  Schervier's corporate-wide policies and practices affected all New York Class Members similarly, and Schervier benefited from the same type of unfair and/or wrongful acts as to each of the New York Class Members.

52.     Plaintiffs and other New York Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

53.     Plaintiffs are able to fairly and adequately protect the interests of the New York Class Members and have no interests antagonistic to the New York Class Members.

54.     Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

55.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries, and damages suffered by each of the individual New York Class Members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual New York Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual New York Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual New York Class Members, establishing incompatible standards of conduct for Schervier and resulting in the

impairment of the New York Class Members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

56.     Upon information and belief, Schervier and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

57.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

58.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiffs and the New York Class Members individually and include, but are not limited to, the following:

    (a)    whether Schervier violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

    (b)    whether Schervier paid Plaintiffs and the New York Class Members at the proper minimum wage rate for all hours worked;

    (b)    whether Defendant denied Plaintiffs and the New York Class Members compensable time (or "gap time") for all hours worked where the latter wages are payable at a straight, regular hourly rate under state wage and hour laws;

    (b)    whether Schervier properly compensated Plaintiffs and the New York Class Members for hours worked in excess of 40 hours per workweek;

    (c)    whether Schervier maintained a policy or practice of requiring, suffering, or permitting Plaintiffs and the New York Class Members to work off-the-clock without proper compensation;

(d)     whether Schervier failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the New York Class Members, and other records;

(e)     whether Schervier failed to furnish Plaintiffs and the New York Class Members with an accurate statement of wages, hours worked, rates paid, and gross wages, as required by the Wage Theft Prevention Act;

(f)     whether hourly employees are "manual workers" under the New York Labor Law

(g)     whether Schervier correctly compensated Plaintiffs and the New York Class Members on a timely basis; and

(h)     the nature and extent of class-wide injury and the measure of damages for those injuries.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

59.     At all times relevant, Schervier maintained a policy and practice whereby hourly employees were encouraged and/or required to work off-the-clock.

60.     Specifically, Schervier's practice is to automatically deduct 30 minutes of pay from its hourly employees' paychecks for daily unpaid meal breaks, even though Schervier employees frequently work during their meal breaks ("Meal Break Time").

61.     Schervier neither records nor compensates Meal Break Time.  Schervier does not provide hourly employees with a means to report Meal Break Time.

62.     Schervier failed to provide accurate wage statements to Plaintiffs and other hourly employees that reflected all hours worked.

63.     At all times relevant, Schervier maintained a policy of paying all hourly employees bi-weekly even though hourly employees are manual workers for purposes of the New York Labor Law's frequency of pay provisions.

64.     Schervier committed the acts alleged in this complaint knowingly, intentionally, and willfully.

## PLAINTIFFS' FACTUAL ALLEGATIONS

65.    Consistent with their policies and patterns or practices as described herein, Schervier harmed Plaintiffs, individually, as follows:

**Lottoi Campbell-Crespo**

66.    Campbell-Crespo worked for Schervier as an hourly Food Service Supervisor from approximately February 2022 to October 2022.

67.    Throughout her employment, Schervier did not pay Campbell-Crespo the proper wages for all the time that she was suffered or permitted to work.  Schervier did not compensate Campbell-Crespo for her off-the-clock Meal Break Time.

68.    Throughout her employment, Schervier consistently provided Campbell-Crespo with inaccurate wage statements that did not show Meal Break Time.

69.    Campbell-Crespo estimates that she worked an average of approximately 2.5 hours of weekly off-the-clock Meal Break Time.

70.    On some weeks, her total hours, including Meal Break time, exceeded 40. Nevertheless, she was not compensated at a rate of time and one-half her regular rate of pay for hours over 40.

71.    Furthermore, during her employment, over twenty-five percent of Campbell-Crespo's duties were physical tasks, including but not limited to cleaning, cooking, assembling trays of food, delivering food, retrieving food supplies from the basement, training food service staff by demonstrating physical tasks such as cleaning or packing food trays, and walking around each of the five floors of the facility to speak with residents about their food orders and to check the temperature in the refrigerators.  Despite regularly spending more than twenty-five percent of his shift performing these physical tasks, Campbell-Crespo was compensated by Defendant on a

bi-weekly basis consistently throughout her employment.

**Pernell Gordon**

72.    Pernell Gordon was employed by Schervier as an hourly Dietary Worker and Cook from in or around 2005 to January 2022, and as a full-time cook from January to June 2022.

73.    Throughout his employment, Schervier did not pay Pernell Gordon the proper wages for all the time that he was suffered or permitted to work.  Schervier did not compensate Pernell Gordon for his off-the-clock Meal Break Time.

74.    Throughout his employment, Schervier consistently provided Pernell Gordon with inaccurate wage statements that did not show Meal Break Time.

75.    Pernell Gordon estimates that he worked an average of approximately 65 minutes of weekly Meal Break Time.

76.    On some weeks, his total hours, including Meal Break Time, exceeded 40. Nevertheless, he was not compensated at a rate of time and one-half his regular rate of pay for hours over 40.

77.    Throughout his employment, over twenty-five percent of Pernell Gordon's duties were physical tasks, including but not limited to preparing and cooking meals.  Despite regularly spending more than twenty-five percent of his shift on physical tasks, Pernell Gordon was compensated by Defendant on a bi-weekly basis consistently throughout his employment.

**Latoya Gordon**

78.    Latoya Gordon was employed by Schervier as a Recreation Aid from in or around August 2021 to October 2021.

79.    Throughout her employment, Schervier did not pay Latoya Gordon the proper wages for all the time that she was suffered or permitted to work. Schervier did not compensate Latoya Gordon for her off-the-clock Meal Break Time.

80.    Throughout her employment, Schervier consistently provided Latoya Gordon with inaccurate wage statements that did not show Meal Break Time.

81.    Latoya Gordon estimates that she worked an average of approximately 45 minutes of weekly Meal Break Time.

82.    Throughout her employment, over twenty-five percent of Latoya Gordon's duties were physical tasks, including, but not limited to transporting residents in wheelchairs, leading activities such as bingo, transporting materials for the day's activities, and hanging paper announcements. Despite regularly spending more than twenty-five percent of her shift on physical tasks, Latoya Gordon was compensated by Defendant on a bi-weekly basis consistently throughout her employment.

## ARTICLE III STANDING ALLEGATIONS

83.    Plaintiffs suffered an injury in fact that is concrete, particularized and actual.

84.    During Plaintiffs' employment with Schervier, Schervier failed to pay Plaintiffs their wages timely when due. As a result of the untimely payments, Plaintiffs forwent the opportunity to invest or otherwise use the money to which they were entitled and they were deprived of the time value of their money, including but not limited to, interest.

85.    Plaintiffs' injuries were caused by Schervier, who failed to pay Plaintiffs timely each workweek.

86.    Plaintiffs' injuries can be redressed through the judicial relief of the ordering of the payment of monetary damages by Schervier.

87.     Each New York Class Member suffered an injury in fact that is concrete, particularized and actual—i.e., that Schervier failed to pay them timely wages each workweek, and as a result of the untimely payments, New York Class Members lost the opportunity to invest or otherwise use the money to which they were entitled and they were deprived of the time value of their money, including but not limited to, interest.  New York Class Members' injuries were caused by Schervier and can be redressed through the judicial relief of ordering the payment of monetary damages by Schervier to the New York Class Members.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the Collective)**

88.     Plaintiffs, on behalf of themselves and the Collective, reallege and incorporate by reference all allegations in all preceding paragraphs.

89.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to Schervier and protect Plaintiffs and the Collective Members.

90.     Plaintiffs and the Collective Members worked in excess of 40 hours during some workweeks in the relevant period.

91.     Schervier willfully failed to pay Plaintiffs and the Collective Members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek. Schervier's unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Schervier was aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Schervier has not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Collective Members.

92.     Because Schervier's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

93.     As a result of Schervier's violations of the FLSA, Plaintiffs and the Collective Members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

### SECOND CAUSE OF ACTION
**New York Labor Law – Minimum Wage**
**(Brought on behalf of Plaintiffs and the New York Class)**

94.     Plaintiffs, on behalf of themselves and the New York Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

95.     Schervier has engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

96.     At all times relevant, Plaintiffs and New York Class members have been employees of Schervier, and Schervier has been the employer of Plaintiffs and New York Class members within the meaning of the NYLL §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

97.     At all times relevant, Plaintiffs and New York Class members have been covered by the NYLL.

98.     The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Schervier and protect Plaintiffs and New York Class members.

99.    Schervier failed to pay Plaintiffs and New York Class members the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

100.    Schervier required Plaintiffs and New York Class Members to perform work off-the-clock and without compensation, depriving them of the minimum wage.

101.    Schervier was required to pay Plaintiffs and New York Class Members the full minimum wage at a rate of: (a) $7.15 per hour for all hours worked on and after June 24, 2009 through December 30, 2013; (b) $8.00 per hour for all hours worked on and after December 31, 2013 through December 30, 2014; (c) $8.75 per hour for all hours worked on and after December 31, 2014 through December 30, 2015; (d) $9.00 per hour for all hours worked on or after December 31, 2015 through December 30, 2016; (e) $11.00 per hour for all hours worked on or after December 31, 2016 through December 30, 2017; (f) $13.00 per hour for all hours worked on or after December 31, 2017 through December 30, 2018; and (g) $15.00 per hour for all hours worked on or after December 31, 2018 through present under the NYLL §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

102.    Through its knowing or intentional failure to pay minimum hourly wages to Plaintiffs and New York Class members, Schervier has willfully violated the NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

103.    Due to Schervier's willful violations of the NYLL, Plaintiffs and New York Class members are entitled to recover from Schervier their unpaid minimum wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Unpaid Wages**

**Brought on Behalf of Plaintiffs and the New York Class**

104.    Plaintiffs, on behalf of themselves and New York Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

105.    At all times relevant, Plaintiffs and New York Class members have been employees of Schervier, and Schervier has been the employer of Plaintiffs and New York Class members within the meaning of the NYLL §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

106.    The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Schervier and protect Plaintiffs and New York Class members.

107.    At all times relevant, Defendant has maintained a policy and practice of failing to pay wages for all hours worked, even though Defendant requires Plaintiffs and New York Class members to routinely work off-the-clock, including by working Meal Break Time.

108.    Defendant's policy and practice of refusing to pay wages for all hours worked violates the NYLL.

109.    Plaintiffs seek these unpaid wages from Defendant on behalf of themselves and the New York Class.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the New York Class)

110.    Plaintiffs, on behalf of themselves and New York Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

111.    Schervier failed to pay Plaintiffs and New York Class members the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

112.    Schervier failed to pay Plaintiffs and New York Class members one-and-one-half times the full minimum wage for all work in excess of 40 hours per workweek.

113.    Through their knowing or intentional failure to pay Plaintiffs and New York Class members overtime wages for hours worked in excess of 40 hours per workweek, Schervier has willfully violated the NYLL, Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations.

114.    Due to Schervier's willful violations of the NYLL, Plaintiffs and New York Class members are entitled to recover from Schervier their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements
### (Brought on behalf of Plaintiffs and the New York Class)

115.    Plaintiffs, on behalf of themselves and New York Class members, reallege and incorporate by reference all allegations in all preceding paragraphs.

116.    Schervier has willfully failed to supply Plaintiffs and New York Class members with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the

dates of work covered by that payment of wages; name of employee; name of employer; address

and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour,

shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and

overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours

worked if applicable; deductions; and net wages.

117.    Through their knowing or intentional failure to provide Plaintiffs and New York

Class members with the accurate wage statements required by the NYLL, Schervier has willfully

violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor

Regulations.

118.    Due to Schervier's willful violations of NYLL, Article 6, § 195(3), Plaintiffs and New

York Class members are entitled to statutory penalties of $250 for each workweek that Schervier

failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable

attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6,

§ 198(1-d).

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Pay Timely Wages
### (Brought on behalf of Plaintiffs and the New York Class)

119.    Plaintiffs, on behalf of themselves and New York Class members, reallege and

incorporate by reference all allegations in all preceding paragraphs.

120.    The timely payment of wages provisions NYLL § 191 and its supporting

regulations apply to Schervier and protect Plaintiffs and the New York Class.

121.    Defendant failed to pay Plaintiffs and the New York Class on a timely basis as

required by NYLL § 191(1)(a).

122.    Through their knowing or intentional failure to provide Plaintiffs and New York Class members weekly as required by the NYLL, Schervier has willfully violated NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

123.    Due to Schervier's willful violations of NYLL, Article 6, § 191, Plaintiffs and New York Class members are entitled to the amount of their untimely paid wages in liquidated damages, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-a).

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiffs Pernell Gordon and Latoya Gordon, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the Collective (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiffs Pernell Gordon and Latoya Gordon as Representatives of the Collective;

C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201, *et seq.*;

D.    An award of damages, according to proof, including liquidated damages, to be paid by Schervier;

E.    Costs of action incurred herein, including expert fees;

F.      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216(b);

G.      Pre-judgment and post-judgment interest, as provided by law; and

H.      Such other legal and equitable relief as this Court deems necessary, just, and proper.

**WHEREFORE**, Plaintiffs Pernell Gordon and Latoya Gordon on behalf of themselves and all members of the New York Class, pray for judgment and the following specific relief:

A.      Certification of this case as a class action pursuant to Rule 23;

B.      Designation of Plaintiffs Pernell Gordon and Latoya Gordon as representatives of the New York Class and counsel of record as Class Counsel;

C.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190, *et seq.*, NYLL, Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor Regulations;

D.      Unpaid minimum wages, overtime pay, retained gratuities, other unpaid wages, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

E.      Statutory penalties of $250 for each workweek that Schervier failed to provide Plaintiffs and New York Class members with accurate wage statements, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

F.      Appropriate equitable and injunctive relief to remedy Schervier's violation of New York law, including but not limited to an order enjoining Schervier from continuing its unlawful practices;

G.      Penalties, as provided by law;

H.      Attorneys' fees and costs of action incurred herein, including expert fees;

I.      Reasonable service awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for Class and Collective Members and for the risks they took in doing so.

J.      Pre-judgment and post-judgment interest, as provided by law; and

K.      Such other legal and equitable relief as this Court deems necessary, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Plaintiffs demand a trial by jury on all issues so triable.

Dated: April 5, 2024             Respectfully submitted,
        New York, NY

<u>/s/ Molly A. Brooks</u>
Molly A. Brooks
**OUTTEN & GOLDEN LLP**
685 Third Ave., 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
E-Mail: mb@outtengolden.com

Molly J. Frandsen*
**OUTTEN & GOLDEN LLP**
One California Street, 12th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: mfrandsen@outtengolden.com

*Pro hac vice* motion forthcoming

*Attorneys for Plaintiffs and the Proposed Class and Collective*