UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERNELL GORDON and LATOYA GORDON,
on behalf of themselves and all others similarly
situated,

                       Plaintiffs,

   - against-

RIVERDALE SNF, LLC,

                   Defendant.

Civ. No. 1:24-cv-2612 (KPF)

**STIPULATION AND
PROTECTIVE ORDER**

WHEREAS, the parties to this action, Named Plaintiffs Pernell Gordon and Latoya Gordon, and Riverdale SNF LLC d/b/a Schervier Rehabilitation and Nursing Center ("Defendant"),by and through their undersigned counsel, request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that they may need to disclose in connection with discovery in this case; and

WHEREAS, the Parties (as defined below), through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, which shall mean (i) Named Plaintiffs Latoya Gordon and Pernell Gordon; Opt-in Plaintiffs Ian Bryan, Dazon Floyd and Lottoi Campbell-Crespo, as well any other individual who has filed or does file a consent to join form (collectively with the Named Plaintiffs, hereafter "Plaintiffs") and their representatives, authorized agents, experts and consultants or other entities or persons acting on their behalf, and all third parties providing discovery in this action shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material or that person's counsel may designate such material as Confidential, in whole or in part, only if counsel determines reasonably and in good faith that such designation is necessary to protect the interests of the client in

information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or that is subject to a contractual or other duty of confidentiality owed by the client to a third party; or deemed confidential by Rule 26(c) of the Federal Rules of Civil Procedure.

3. No information that is in the public domain or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis as of the commencement of this lawsuit, shall be deemed or considered to be protected material under this Stipulation and Protective Order.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility.  Any materials processed through a review database and produced as part of a load file deliverable, shall include a confidentiality designation in document level metadata.

5. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 14 days of receipt of the final deposition transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 14-day period following receipt of the deposition transcript, the entire deposition transcript will be treated as if it had been designated Confidential.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, such producing person may so designate such material by so apprising all prior recipients promptly in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential under the terms of this Protective Order.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support

2

services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d) any mediator or arbitrator, and their staff, engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, any jurors, and the court reporters and support personnel for the same;

(j) other witnesses or persons with the Designating Party's consent or by Court order.

8. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action shall first make a good faith attempt to resolve the dispute with the producing party, by serving upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  The Designating Party must respond in writing to the challenge within 15 days. The Designating Party carries the burden of establishing the propriety of the designation. The failure of any Receiving Party to challenge a designation does not constitute a concession that the designation is proper or an admission that the designated information is otherwise competent, relevant, or material. If the Parties cannot reach agreement after conferring in good faith, counsel for the Parties will address their dispute to the Court.

9. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to the Court. The Parties agree that information designated as "attorneys' eyes only" may only be accessed or reviewed by the following: 1) the Court, its personnel, court reporters, any appellate court in this action, and jurors; 2) counsel of record and in-house counsel for any party in this action and their employees who assist counsel of record in this action and are informed of the duties hereunder; 3) experts or consultants employed by the parties or their counsel for purposes of this action.; and 4) other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order.

10. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of

example and not limitation) may not use Confidential Discovery Material for any business, commercial, competitive or other purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

11. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or if required to produce by law or by any government agency having jurisdiction; provided, however, that such Party receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing Party before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 calendar days before any disclosure. This notice is intended to enable the producing person to seek to oppose compliance with the subpoena or other legal notice if the producing person deems it appropriate to do so.

12. All persons seeking to file redacted documents or documents under seal with the Court shall follow the Court's Individual Rules with respect to same.  The Parties shall use their best efforts to minimize such sealing.

13. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

14. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

15. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

16. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

17. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or

defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law. Any waiver of confidentiality must be made expressly by the producing party in writing.

18. This Protective Order shall survive the termination of the litigation. Within 60 days of the final disposition of this action, including all appeals, all Discovery Material designated as "Confidential" or "Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing Party, or, upon permission of the producing Party, permanently destroyed, both in electronic and physical capacities.  The Part(y)ies who shared any Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" is/are responsible for ensuring that any party or person to whom the party shared or disclosed designated information in this action returns or destroys all of its copies, regardless of the medium in which it was stored.

19. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

20. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or admissible as evidence in this case or prevents any party from using any document at trial. Each party reserves the right to object to use or admissibility of Confidential documents and information.

21. This Stipulation may be amended by the agreement of counsel for the Parties in the form of written amendment.

[ *Intentionally Left Blank* ]

**SO STIPULATED AND AGREED:**

Dated: April 24, 2026

/s/*Molly A. Brooks*

Molly A. Brooks
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10017
Tel: (212) 245-1000
mbrooks@outtengolden.com

*Attorneys for Plaintiffs and the Putative Collective and Rule 23 Class*

Dated: April 24, 2026

/s/*Kyle D. Winnick*

Kyle D. Winnick
620 Eighth Avenue, 34 Floor
New York, New York 10018
Telephone: 212-218-5500
Facscimile: 212-218-5526
kwinnick@seyfarth.com

*Attorneys for Defendant Riverdale SNF, LLC*

This agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.

Dated:    April 27, 2026        SO ORDERED.
          New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

6