

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York  10018

**T** (212) 218-5500

**F** (212) 218-5526

hwexler@seyfarth.com

T (212) 218-3332

www.seyfarth.com

June 3, 2026

**<u>VIA ECF</u>**

Honorable Katherine Polk Failla
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2103
New York, N.Y. 10007

> **Re:**    ***Gordon, et al. v. Riverdale SNF, LLC d/b/a Schervier Rehabilitation
> & Nursing Care Center***, **Civil Case No.: 24-cv-2612-KPF (S.D.N.Y.)**

Dear Judge Failla:

We represent Riverdale SNF d/b/a Schervier Rehabilitation and Nursing Care Center ("Defendant" or "Schervier") in the above-referenced matter. Defendant submits this letter to request that Plaintiff Pernell Gordon's Declaration in support of Plaintiff's Motion for Court-Authorized Notice pursuant to 29 U.S.C. § 216(b) (the "Motion") (ECF Dkt. 74-1) be stricken, or, at a minimum, disregarded in its entirety in evaluating the Motion.

Plaintiff's Motion was fully briefed as of April 30, 2026, and should be decided on that record. Nearly a month later—on May 26, 2026—Defendant deposed Plaintiff Pernell Gordon ("Plaintiff"). Plaintiff's sworn deposition testimony exposes material inconsistencies with both the Declaration he submitted in support of the Motion and the allegations in the Second Amended Complaint. This newly developed evidence squarely undermines the factual predicates of Plaintiff's Motion and warrants the relief requested here.

It is well settled that a party may not support a motion through a declaration that contradicts his own sworn testimony. The Second Circuit has repeatedly held that courts may—and should—disregard or strike affidavits that conflict with prior deposition testimony absent any plausible explanation. *See, e.g., Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011); *Palazzo v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000) (rejecting a "self-serving" affidavit that contradicts prior sworn testimony without explanation).

That is precisely what has occurred here. Plaintiff submitted a self-serving declaration attempting to establish that he is similarly situated to other hourly employees and that court-authorized notice should issue. His subsequent deposition testimony, however, squarely



Hon. Katherine Polk Failla
June 3, 2026
Page 2

contradicts those assertions. As summarized below, Plaintiff's testimony confirms that he lacks any viable overtime claim and has no personal knowledge of any common, unlawful policy or practice that would justify notice. Indeed, he conceded that other hourly employees not only received their meal breaks, but in some instances received up to an hour for such breaks—meaning they were effectively overcompensated, as only 30 minutes was deducted from their time.

| Plaintiff's Statement in Motion for Conditional Certification | Plaintiff's Deposition Testimony |
|---|---|
| "But at least half of my lunch breaks were interrupted by work, and sometimes I would never take a break during an entire day of work." (ECF No. 74-1 ¶ 8.) | When asked how long he typically had for his meal breaks, Plaintiff testified:<br><br>A.  Well, before the company came I had a whole hour, literally taking a whole hour.  When they came I started getting half an hour to 35 minutes roughly, that's the game, the name of the game.<br><br>(Ex. A to Winnick Decl., Dep. Tr. at 143:12-143:22.)<br><br>At other points, Plaintiff testified that on the occasions when he had a shortened meal break,  which he estimated were two to three times per week, he would still have 25 minutes for his meal break. (Dep. Tr. at 146:5-146:17.)<br><br>He also signed a prior declaration stating that he only worked 15 to 25 minutes during his lunch breaks.  (Dep. Tr. at 154:22-155:4; Dep. Ex. 18.) |
| "I observed a number of other cooks working during their lunch breaks as well."  (ECF No. 74-1 ¶ 8.) | Plaintiff identified the two cooks – Aaron and George. (Dep. Tr. at 180:11-180:22.)<br><br>He testified that Aaron would typically end his shift an hour early during which time he could have taken his meal break.  (Dep. Tr. at 181:19-182:2.)<br><br>With respect to George, he testified that George would take his break after he left the kitchen, which was around 1:30 pm, and that George would return around 2:00 pm or 2:30 pm.  (Dep. Tr. at 182:2-183:13.)<br><br>Plaintiff also testified that he was not sure how long George took his break for.  (Dep. Tr. at 141:25-142:4.) |



| Plaintiff's Statement in Motion for Conditional Certification | Plaintiff's Deposition Testimony |
|---|---|
| "I remember a dietary worker named Mary complaining that she worked through breaks." (ECF No. 74-1 ¶ 8.) | Plaintiff testified that Mary typically took a 35-minute meal break. (Dep. Tr. at 184:20-185:4.) |
| "I told my supervisor, Rosie Zapada, that I had to wok through lunch in order to complete my job." (ECF No. 74-1 ¶ 8.) | Plaintiff Pernell testified that the only person he complained to was a supervisor named Noreda, and the complaint was about not being able to take his break at the scheduled time. When he complained, Noreda allowed him his break:<br><br>Q. You told Noreda that you needed to go on your break and she said okay?<br><br>A. Yes.<br><br>Q. How long did you go on a break for?<br><br>A. I think, I'm not quite sure.<br><br>(Dep. Tr. at 180:5-180:10.)<br><br>Plaintiff Pernell testified that he did not complain to any manager or his union about missing breaks. (Dep. Tr. at 147:17-147:25.) |

If anything, Plaintiff's deposition testimony establishes that there was no policy or practice of employees working through meal breaks, because he testified that the three employees he referred to in his declaration—Aaron, George, and Mary—all had adequate time to take their meal breaks. (*See* Dep. Tr. at 180 – 185; *see also id.* at 104:17-105:5, 108:17-109:2.)

Because material assertions in the Declaration are contradicted by Plaintiff's sworn testimony, the Court should disregard or strike the Declaration in its entirety. At a minimum, the Court should decline to credit any portion of the Declaration that conflicts with Plaintiff's deposition testimony. Without the Declaration, Plaintiff cannot meet his burden on the Motion, which should be denied.[1]

---

[1] Plaintiff LaToya Gordon was deposed on June 1, 2026. During her deposition, she likewise contradicted the declaration she submitted in support of the Motion for notice. However, Defendant has not yet received a copy of the deposition transcript. Upon receipt, Defendant will move to strike Ms. Gordon's declaration on the same grounds.



We thank the Court for its time and attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

/s/ Howard M. Wexler

Howard M. Wexler, Esq.

cc: All Counsel of Record (via ECF)