

**Seyfarth Shaw LLP**

620 Eighth Avenue

New York, New York 10018

**T** (212) 218-5500

**F** (212) 218-5526

hwexler@seyfarth.com

T (212) 218-3332

www.seyfarth.com

May 29, 2026

**VIA ECF**

Honorable Katherine Polk Failla
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2103
New York, N.Y. 10007



> **Re:**   *Gordon, et al. v. Riverdale SNF, LLC d/b/a Schervier Rehabilitation & Nursing Care Center*
> **Civil Case No.: 24-cv-2612-KPF (S.D.N.Y.)**

Dear Judge Failla:

We represent Riverdale SNF d/b/a Schervier Rehabilitation and Nursing Care Center ("Defendant" or "Schervier") in the above-referenced matter. Pursuant to Rule 4(A) of the Court's Individual Rules, we respectfully request a pre-motion conference in connection with Defendant's anticipated motion for partial judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP"). Defendant's motion, which is not on consent, will seek dismissal of Plaintiffs' claims for liquidated damages in connection with their New York Labor Law ("NYLL") § 191(1)(a) claim. (See ECF No. 55, Second Am. Compl. ¶ 119.)

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard under Rule 12(b)(6) on a motion to dismiss is the same as on a motion brought under Rule 12(c). *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006). "To survive a Rule 12(c) motion, [the plaintiff's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021).

**I.    Plaintiffs' Claim for Liquidated Damages on Their NYLL Pay Frequency Claim (Sixth Cause of Action) Should Be Dismissed as a Matter of Law**

Plaintiffs Pernell and LaToya Gordon ("Plaintiffs") commenced this action on April 5, 2024. (ECF No. 1.) In their Second Amended Complaint, filed on September 3, 2025 (ECF No. 55 ("SAC")), Plaintiffs allege, inter alia, that they are entitled to liquidated damages under NYLL

326228823v.2



§§ 191(1)(a) and 198 because, during their employment with Schervier, they were paid on a biweekly, as opposed to weekly, basis. (SAC ¶¶ 4, 58, 115–119.)

It is undisputed that Plaintiffs were paid on a biweekly basis. (SAC ¶ 58; ECF No. 74-1, Declaration of Pernell Gordon ¶ 7 ("I was paid every other week"); ECF No. 74-2, Declaration of LaToya Gordon ¶ 8 (same); *see also* ECF No. 74-3, Declaration of Lottoi Campbell-Crespo ¶ 7 ("Throughout my employment, Schervier paid me every other week on Thursday.").)

As Defendant previously explained to the Court, the New York State Legislature amended Section 198(1-a) of the NYLL to clarify what damages are recoverable for violations of Section 191 of the NYLL (the "Amendment"). *See* N.Y. S.B. 3006-C (2025).[1] The Amendment took immediate effect and applies to all causes of action "pending or commenced" at the time of enactment on May 9, 2025. (*Id.* § 2.)[2] It provides, in relevant part:

> Notwithstanding the provisions of this subdivision, **liquidated damages shall not be applicable to violations of paragraph a of subdivision one of section one hundred ninety-one of this article where the employer paid the employee wages on a regular payday, no less than semi-monthly**. Such violations shall be subject to damages as follows:
>
> (i) no more than one hundred percent of the lost interest found to be due to for the delayed payment of wages calculated using a daily interest rate for each day payment is late based on the annual rate of interest then in effect, as prescribed by the superintendent of financial services pursuant to section fourteen-a of the banking law for the employer's first violation.

NYLL § 198(1-a)(i).

---

[1] Defendant expects Plaintiffs' counsel to challenge the constitutionality of this amendment as they have unsuccessfully tried to do before other judges in this District Court. But the Court should reject such arguments as Judge Subramanian did in his recent, well-reasoned May 6, 2026 Opinion and Order in the action *Bryant, et al. v. Buffalo Exchange, Ltd.*, Civ. Case No. 23-cv-8286 attached as Exhibit A, p. 2-6.

[2] Since the Amendment, a number of New York district courts have confirmed so. *See, e.g., Bryant, et al. v. Buffalo Exchange, Ltd.*, 2026 WL 1240054 (S.D.N.Y. May 6, 2026) (granting defendant's motion for a judgment on the pleadings as to plaintiffs' claim for liquidated damages based on the amendment); *Euson v. TRC Engineers, LLC*, 2025 WL 2591847, at *9 (N.D.N.Y. Sept. 8, 2025) (applying the May 9, 2025 amendment to plaintiff's complaint); *Lopez v. J&L Sky Contractors Corp.*, 2025 WL 1859690, at *17 n.4 (E.D.N.Y. July 7, 2025) ("Given the clear legislative language that the May 9, 2025 Amendment "shall apply to causes of action pending" at the time of its passage, and the fact that it only clarifies the extent of available relief, the Court finds that the amended NYLL § 198[1- a] applies in this case.") *Garcia v. New Force Constr. Corp.*, 2025 WL 2015158, at *15 n.6 (E.D.N.Y. July 18, 2025) (accord); *Garzon v. Bldg. Servs. Inc.*, No. 24 CIV. 5429 (JLR) (RFT), 2025 WL 1871171, at *16 (S.D.N.Y. July 2, 2025) (applying amended NYLL § 198(1-a) to pending case), *adopted*, 2025 WL 2062741 (S.D.N.Y. July 23, 2025).



In *Bryant v. Buffalo Exchange, Ltd.*, No. 23-CV-8286 (AS), 2026 WL 1240054 (S.D.N.Y. May 6, 2026), the plaintiffs asserted pay frequency claims under NYLL § 191(1)(a) based on biweekly (rather than weekly) payments and sought liquidated damages under NYLL § 198(1-a). The defendant moved for partial judgment on the pleadings based on the Amendment, and the Court granted the motion.

*Bryant* applies squarely here. It is undisputed from the allegations in the Complaint, as well as Plaintiffs' sworn declarations, that Schervier paid Plaintiffs on a biweekly basis, which is, as relevant here, more frequent than semi-monthly. (SAC ¶ 58.) Accordingly, liquidated damages are unavailable as a matter of law, and Plaintiffs' claim for such relief should be dismissed. *Bryant*, 2026 WL 1240054.

We thank the Court for its time and attention to this matter and respectfully stand ready to address any questions or submit any additional briefing Your Honor may require.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Howard M. Wexler*

Howard M. Wexler, Esq.

cc: All Counsel of Record (via ECF)

The Court has received Defendant's above-request for a pre-motion conference and Plaintiffs' response (Dkt. #101).

In light of both submissions, the parties are hereby ORDERED to appear for a telephonic pre-motion conference on **June 24, 2026**, at **4:00 p.m.** to address the issues raised by the parties.  The dial-in information is as follows:  At the scheduled time, the parties shall call (855) 244-8681 and enter access code 2315 780 7370.

The Clerk of Court is directed to terminate the pending motion at docket entry 98.

SO ORDERED.

Dated:    June 5, 2026
          New York,  New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE