# Outten&Golden

June 8, 2026

**Via ECF**
Honorable Katherine Polk Failla
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2103
New York, N. Y. 10007

Re:     ***Gordon, et al. v. Riverdale SNF, LLC d/b/a Schervier***
***Rehabilitation & Nursing Care Center***
**Civil Case No.: 24-cv-2612-KPF (S.D.N.Y.)**

Dear Judge Failla,

We represent Plaintiffs Pernell and LaToya Gordon in their putative Class and Collective action against Defendant Riverdale SNF d/b/a Schervier Rehabilitation and Nursing Care Center ("Defendant"). Plaintiffs submit this letter in opposition to Defendant's June 3, 2026 letter motion to strike Mr. Gordon's declaration in support of Plaintiffs' Motion for Court-Authorized Notice pursuant to 29 U.S.C. § 216(b) ("declaration"). The Court should disregard Defendant's legal misstatements and factual misrepresentations, and thereby deny its motion to strike.

## I.      Under the Proper Legal Standard, Mr. Gordon's Declaration Should Not Be Struck.

Mr. Gordon's declaration, even in light of his deposition testimony, should not be struck from the record. At § 216(b) certification, "the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist," the standard of proof is "low." *Myers*, 624 F.3d at 555 (emphasis in original). Although "'unsupported' assertions cannot suffice, the standard is nonetheless 'fairly lenient.'" *Santiago v. Cuisine By Claudette*, LLC, 23-cv-2675 (OEM), 2023 WL 8003323, at *2 (E.D.N.Y. Nov. 17, 2023) (citing *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 348 (S.D.N.Y. 2017)). Plaintiffs can meet this "modest factual showing" through their "own pleadings, affidavits, and declarations, including any hearsay statements contained therein and the Court is required to draw all inferences in his favor *without resolving credibility or factual disputes*." *Taylor v. R.J.T. Motorist Serv., Inc.*, 19-cv-1155, 2020 WL 4937483, at *2 (S.D.N.Y. Aug. 24, 2020) (emphasis added) (cleaned up) (citing *Chen v. Kicho Corp.*, 18-cv-7413, 2020 WL 1900582, at *6 (S.D.N.Y. Apr. 17, 2020)). Defendant invites the Court to strike Mr. Gordon's declaration as incredible and attempts to introduce Mr. Gordon's purportedly contradictory subsequent statements to

| **New York** | **Oakland** | **Washington, DC** |
|---|---|---|
| 685 Third Avenue, 25th Floor | 1999 Harrison Street, Suite 1500 | 1225 New York Avenue NW, Suite 1200B |
| New York, NY 10017 | Oakland, CA 94612 | Washington, DC 20005 |
| (212) 245-1000 | (415) 638-8800 | (202) 914-5097 |

Outten & Golden LLP
outtengolden.com

undermine the declaration, but again, at the conditional certification stage, the Court does "not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations." *Korenblum v. Citigroup, Inc.*, 195 F.Supp.3d 475, 480 (S.D.N.Y. 2016) (citations omitted); *see Ademi, v. Central Park Boathouse*, LLC, 22-cv-8535, 2023 WL 6211979, at *6 (S.D.N.Y. Sept. 25, 2023) ("at this initial stage, the Court does resolve any factual disputes.").

It is thus unsurprising that Defendant does not cite a single case addressing a motion to strike a §216(b) declaration. It instead discusses the standard for crediting an assertion at summary judgment, which is much higher than the standard to credit an assertion at the 216(b) stage. ECF No. 99 (Ltr. Motion) at 1 (citing *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011) (analyzing standard for accepting deposition testimony at summary judgment, holding that even at summary judgment, "if there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because an earlier account was ambiguous, confusing, or simply incomplete."); *Palazzo v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000) (refusing to find a genuine issue of fact in an affidavit that contradicted prior sworn testimony without explanation).

Separate from the permissive standard for evaluating declarations supporting § 216(b) certification, but still underscoring that the Court should deny Defendant's motion to strike, Defendant misstates the "self-serving affidavit" rule. As is explained in one of the cases that Defendant itself cites, *Palazzo v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000), the so-called "sham affidavit" rule exists to prevent a party from surviving *summary judgment* only by contradicting her previous deposition testimony with a subsequent affidavit. *See also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Defendant accuses Mr. Gordon of contradicting his *prior affidavit*, not his prior deposition testimony, with his subsequent deposition testimony. Moreover, as explained above, the evidentiary threshold at §216(b) is much lower than at summary judgment. Relying on Mr. Gordon's declaration at §216(b) certification will not violate the "self-serving" or "sham" affidavit rule.

## II.     Defendant Omits that Mr. Gordon Clarified His Deposition Testimony.

Defendant conveniently omits that Mr. Gordon clarified the deposition testimony that purportedly contradicts his declaration. *See Wilson v. N.Y. & Presbyterian Hosp.*, No. 21 Civ. 1971, 2022 U.S. App. LEXIS 34200, at *7-8 (2d Cir. Dec. 13, 2022) (holding that an affidavit that "provided clarification or elaboration" and that did not actually contradict earlier testimony was not a sham affidavit). Mr. Gordon detailed that he was not accurately recording time for which he was not being compensated, Brooks Decl. Ex. A ("Gordon Tr.") 203:4-18, and confirmed that there were weeks when he certainly worked up to 65 minutes off the clock, *id.* 203:19-204:24. He further clarified that while this off the clock time might have varied over the almost two decades he worked at Schervier – and indeed increased towards the end of his tenure – there were certainly days when he could not take a break at all. *Id.* 205:5-213:20. After being given an opportunity to explain the testimony that Defendant now attacks, Mr. Gordon confirmed his memory reflected in his declaration. While the Court should not evaluate Mr. Gordon's credibility on §216(b) certification, the consistency between his deposition testimony and prior declaration only confirms the weakness of Defendant's motion to strike.

Respectfully submitted,
Outten and Golden LLP

Molly Brooks

cc: All Counsel of Record (via ECF)