# Outten&Golden

June 12, 2026

**Via ECF**
Honorable Katherine Polk Failla
United States District Court Judge
Southern District of New York
40 Foley Square, Room 2103
New York, N. Y. 10007

> Re:    ***Gordon, et al. v. Riverdale SNF, LLC d/b/a Schervier***
> ***Rehabilitation & Nursing Care Center***
> **Civil Case No.: 24-cv-2612-KPF (S.D.N.Y.)**

Dear Judge Failla,

      We represent Plaintiffs Pernell and LaToya Gordon in their putative Class and Collective action against Defendant Riverdale SNF d/b/a Schervier Rehabilitation and Nursing Care Center ("Defendant"). Plaintiffs submit this letter in opposition to Defendant's June 9, 2026 letter motion to strike Ms. Gordon's declaration in support of Plaintiffs' Motion for Court-Authorized Notice pursuant to 29 U.S.C. § 216(b). The Court should disregard Defendant's legal misstatements and factual distortions, and thereby deny its motion to strike.

## I.    Under the Proper Legal Standard, Ms. Gordon's Declaration Should Not Be Struck.

      Ms. Gordon's § 216(b) declaration should not be struck from the record. As a threshold matter, the Court has discretion to determine the weight to assign to the various declarations. *See Trinidad v. Pret A. Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 553 (S.D.N.Y. 2013) ("The mere fact that testimony is inconsistent is insufficient to justify striking an entire document."); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 67 (E.D.N.Y. 2012) ("[M]inor inconsistencies go to the credibility of the declarants and do not alone warrant striking their declarations."). Defendant's cursory attempt to strike a huge piece of supportive evidence this early in litigation in inapporiate and, as explained below, unfounded. *Mueller v. Towers*, No. 10 Civ. 1093, 2010 U.S. Dist. LEXIS 113320, at *2 (D. Conn. Oct. 25, 2010) ("A motion to strike is not an appropriate vehicle through which to contest the credibility of a witness or to draw further attention to the fact that one piece of evidence is contradicted by another.")

      Specifically at § 216(b) certification, "the purpose of this first stage is merely to determine whether 'similarly situated' plaintiffs do in fact exist," the standard of proof is "low." *Myers*, 624 F.3d at 555. Although "'unsupported' assertions cannot suffice, the standard is nonetheless 'fairly lenient.'" *Santiago v. Cuisine By Claudette*, LLC, 23-cv-2675

**New York**
685 Third Avenue, 25th Floor
New York, NY 10017
(212) 245-1000

**Oakland**
1999 Harrison Street, Suite 1500
Oakland, CA 94612
(415) 638-8800

**Washington, DC**
1225 New York Avenue NW, Suite 1200B
Washington, DC 20005
(202) 914-5097

Outten & Golden LLP
outtengolden.com

(OEM), 2023 WL 8003323, at *2 (E.D.N.Y. Nov. 17, 2023) (citing *Viriri v. White Plains Hosp. Med. Ctr.*, 320 F.R.D. 344, 348 (S.D.N.Y. 2017)). Plaintiffs can meet this "modest factual showing" through their "own pleadings, affidavits, and declarations, including any hearsay statements contained therein and the Court is required to draw all inferences in his favor *without resolving credibility or factual disputes*." *Taylor v. R.J.T. Motorist Serv., Inc.*, 19-cv-1155, 2020 WL 4937483, at *2 (S.D.N.Y. Aug. 24, 2020) (emphasis added) (cleaned up) (citing *Chen v. Kicho Corp.*, 18-cv-7413, 2020 WL 1900582, at *6 (S.D.N.Y. Apr. 17, 2020)). Defendant invites the Court to strike Ms. Gordon's declaration as incredible and attempts to introduce Ms. Gordon's purportedly contradictory subsequent statements to undermine the declaration, but again, at the conditional certification stage, the Court does "not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations." *Korenblum v. Citigroup, Inc.*, 195 F.Supp.3d 475, 480 (S.D.N.Y. 2016) (citations omitted); *see Ademi, v. Central Park Boathouse*, LLC, 22-cv-8535, 2023 WL 6211979, at *6 (S.D.N.Y. Sept. 25, 2023) ("at this initial stage, the Court does resolve any factual disputes.").

It is thus unsurprising that Defendant does not cite a single case addressing a motion to strike a §216(b) declaration. It instead discusses the standard for crediting an assertion at summary judgment, which is much higher than the standard to credit an assertion at the 216(b) stage. ECF No. 105 (Ltr. Motion) at 1 (citing *Rojas v. Roman Cath. Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011) (analyzing standard for accepting deposition testimony at summary judgment, holding that even at summary judgment, "if there is a plausible explanation for discrepancies in a party's testimony, the court considering a summary judgment motion should not disregard the later testimony because an earlier account was ambiguous, confusing, or simply incomplete."); *Palazzo v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000) (refusing to find a genuine issue of fact in an affidavit that contradicted prior sworn testimony without explanation).

Separate from the permissive standard for evaluating declarations supporting § 216(b) certification, but still underscoring that the Court should deny Defendant's motion to strike, Defendant misstates the "self-serving affidavit" rule. As is explained in one of the cases that Defendant itself cites, *Palazzo v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000), the so-called "sham affidavit" rule exists to prevent a party from surviving *summary judgment* only by contradicting her previous deposition testimony with a subsequent affidavit. *See also Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Defendant accuses Ms. Gordon of contradicting her *prior affidavit*, not her prior deposition testimony, with her subsequent deposition testimony. Moreover, as explained above, the evidentiary threshold at § 216(b) is much lower than at summary judgment. Relying on Ms. Gordon's declaration at § 216(b) certification will not violate the "self-serving" or "sham" affidavit rule.

## II.    Ms. Gordon's Deposition Testimony Does Not Contradict Her § 216(b) Declaration; At Most, It Clarifies Her Declaration.

First, Defendant lists supposed "contradictions" that plainly are consistent statements between Ms. Gordon's § 216(b) declaration and deposition.

- Defendant attacks Ms. Gordon's statement in her § 216(b) declaration that "I also discussed with other Schervier hourly staff – including kitchen staff and health aides – that they had to work through their unpaid meal breaks because they had to prepare food and assist residents when needs arose. For example, I remember an instance in which an aide was taking a meal break but a resident needed a shower at that time, so Schervier required the aide to give up her meal break to attend to the resident." (ECF No. 74-2 ¶ 9.)  She did not assert in her declaration that she spoke with other kitchen staff besides her husband, which is consistent with her deposition.  Brooks Decl. Ex. A, L. Gordon Dep. Tr. at 98:25-99:9.  Similarly, Ms. Gordon did not assert that she spoke with the health aide she describes witnessing take a truncated break in her declaration, which is also consistent with her deposition testimony.
- Defendant attacks Ms. Gordon's statement in her § 216(b) declaration that "I observed all other activity specialists working during their meal breaks as well." (ECF No. 74-1 ¶ 9.)  She did not assert that she observed all activity specialists working through their entire meal breaks.  This is consistent with her deposition testimony that she observed other activity specialists working by looking through their open office doors upon exiting her office.  Brooks Decl. Ex. A, L. Gordon Dep. Tr. at 84:15-84:17.  She did not assert that she knew for a fact that these activity specialists were never compensated for their missed breaks.

To the extent that any of Defendant's attacks point to what the Court would characterize as a minor inconsistency, this is no fair basis to strike Ms. Gordon's § 216(b) declaration.  *See Wilson v. N.Y. & Presbyterian Hosp.*, No. 21 Civ. 1971, 2022 U.S. App. LEXIS 34200, at *7-8 (2d Cir. Dec. 13, 2022) (holding that an affidavit that "provided clarification or elaboration" and that did not actually contradict earlier testimony was not a sham affidavit); *Trinidad*, 962 F. Supp. 2d at 553-54 (declining to strike declaration with certain inconsistencies after finding that "[t]hese inconsistencies or imprecisions can easily be explained by the context in which they were made—a deposition of a kitchen worker about events that occurred years in the past, where witnesses may have made general recollections of practices but not have as confident a command of specifics.").  Here, Ms. Gordon was an hourly employee who is recalling the amount of minutes she was able to take a break during very busy workdays four years ago.  Moreover, counsel for Defendant repeatedly asked Ms. Gordon the same questions after she had already answered them at her deposition, pressing her for information about her work hours and then calling this information inconsistent.  *E.g.*, Brooks Decl. Ex. A, L. Gordon Dep. Tr. at 67:12-68:24, 89:23-93:18.

### III.    Ms. Gordon's "Prior Declaration" Is a Mediation Declaration Inadmissible For Impeachment Purposes.

Defendant cites Ms. Gordon's "prior declaration" – distinct from Ms. Gordon's § 216(b) declaration – in an attempt to further undermine her § 216(b) declaration, but with troubling disregard for the protections of the Federal Rules and the law of this District, Defendant *omits that Ms. Gordon's "prior declaration" was submitted for mediation purposes only*.  Brooks Decl. ¶ 3; ECF No. 105 (Ltr. Motion) at 2-3; ECF No. 106-3 (L.

Gordon Mediation Declaration).  Mediation declarations or descriptions of mediation declarations are not admissible to strike a subsequent declaration in litigation.  Fed. Rule of Evid. 408 ("Evidence of the following is not admissible—on behalf of any party—either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction: . . . conduct or a statement made during compromise negotiations about the claim.").  Defendant's assertions about Ms. Gordon's declaration that was submitted for mediation purposes only should be disregarded in any context, especially here at § 216(b) certification where the Court is not to weigh evidence. *Myers*, 624 F.3d at 555.

Respectfully submitted,
Outten and Golden LLP

Molly Brooks

cc: All Counsel of Record (via ECF)