UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PERNELL GORDON and LATOYA
GORDON, *on behalf of themselves and
all others similarly situated,*

                          Plaintiffs,

            -v.-

RIVERDALE SNF, LLC, *doing business
as* SCHERVIER REHABILITATION AND
NURSING CARE CENTER,

                          Defendant.

24 Civ. 2612 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

The Court has received Defendant's motions to strike the declarations of both Plaintiffs in support of their motion for court-authorized notice pursuant to 29 U.S.C. § 216(b) (Dkt. #99-100, 105-106), as well as Plaintiffs' responses in opposition (Dkt. #103-104, 107-108).

In both motions to strike, Defendant essentially argues that each Plaintiff's deposition testimony contains material inconsistencies with their respective prior declaration, and that the declarations should be struck as a result. Defendant cites *Rojas* v. *Roman Cath. Diocese of Rochester*, 660 F.3d 98 (2d Cir. 2011), and *Palazzo ex rel. Delmage* v. *Corio*, 232 F.3d 38 (2d Cir. 2000), for the proposition that "[t]he Second Circuit has repeatedly held that courts may — and should — disregard or strike affidavits that conflict with prior deposition testimony absent any plausible explanation." (Dkt. #99 at 1; Dkt. #105 at 1).

However, neither *Rojas* nor *Palazzo* applies in the specific context of this case.  In *Rojas*, the Second Circuit explained that "in certain extraordinary cases," a party's inconsistent and contradictory statements cannot be relied upon to defeat summary judgment, especially if the party fails to provide a plausible explanation for the inconsistencies.  660 F.3d at 106.  And in *Palazzo*, the Second Circuit discussed the principle that "in opposing summary judgment, a party who has testified to a given fact in his deposition cannot create a triable issue merely by submitting his affidavit denying the fact."  232 F.3d at 43.  But as Plaintiffs point out in their opposition, this case is not at the summary judgment stage.  (*See* Dkt. #103 at 1-2; Dkt. #107 at 1-2).  Rather, in evaluating conditional certification under Section 216(b), this Court does "not resolve factual disputes, decide ultimate issues on the merits, or make credibility determinations[.]" *Korenblum* v. *Citigroup, Inc.*, 195 F. Supp. 3d 475, 480 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting *In re Penthouse Exec. Club Comp. Litig.*, No 10 Civ. 1145 (NRB), 2010 WL 4340255, at *2 (S.D.N.Y. Oct. 27, 2010)).  Therefore, the Court need not strike Plaintiffs' declarations, which were submitted to support conditional certification instead of summary judgment, and which were also filed prior to the allegedly inconsistent deposition testimony.

For the reasons set forth above, Defendant's motions to strike are DENIED.  The Clerk of Court is directed to terminate the pending motions at docket entries 99 and 105.

SO ORDERED.

Dated:  June 18, 2026
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge